UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 23, 2020

-v.-

LAMAR MOORE,

                       Defendant.
----------------------------------------------------------X

18-CR-167 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Lamar Moore has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that his medical conditions place him at a high risk of suffering severe illness should he contract COVID-19. The Government opposes his motion. Because Defendant's offense was very serious, and because Defendant presents a high likelihood of recidivism, Defendant's motion is DENIED.

## BACKGROUND

      On October 2, 2018, Defendant pled guilty to one count each of being a felon in possession of a firearm, trafficking firearms, and conspiring to distribute marijuana. (ECF No. 37.) This Court sentenced Defendant at the bottom of his Sentencing Guideline level, a total of 151 months' imprisonment. (ECF No. 64.) Defendant is serving his sentence at the Federal Correctional Institution, Hazelton, in West Virginia ("FCI Hazelton").

      On April 13, 2020, Defendant wrote to the Warden of FCI Hazelton (the "Warden"), requesting that the Bureau of Prisons ("BOP") file a motion for compassionate release on Defendant's behalf. The Warden denied Defendant's request on April 21, 2020. (ECF No. 75-

1.)

On May 28, 2020, this Court received Defendant's *pro se* letter motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), dated April 30, 2020.  (ECF No. 73.)  The Government filed its brief in opposition to defendant's motion on May 29, 2020.  (ECF No. 75.)  Defendant's reply brief was received and docketed on June 19, 2020.  (ECF No. 78.)

## LEGAL STANDARD

Because Defendant is proceeding *pro se*, his submissions are "construed liberally and interpreted to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted).

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP, or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  In making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C.

§ 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  *Id.* cmt. n.1(D).   Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the BOP.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant's motion is properly before the Court because more than 30 days have passed from the date of the Warden's receipt of Defendant's request that the Warden seek compassionate release on Defendant's behalf.

The Court assumes that, in the context of the COVID-19 pandemic, Defendant's medical conditions of hypertension and asthma constitute an extraordinary and compelling reason for granting Defendant compassionate release.

Nonetheless, the Court finds that releasing Defendant would be contrary to the Sentencing Commission's directive that courts should deny compassionate release to defendants who pose a danger to the community.  As the Court stated at sentencing, Defendant's offenses of conviction, which involved possessing and trafficking AR-15 rifles and selling drugs, were

"extraordinarily serious." (ECF No. 69 at 17.) Defendant is a "career criminal" who has committed numerous serious offenses involving firearms, narcotics, and violence. (*Id.* at 18; Presentence Investigation Report at 9–11, ECF No. 44.) Defendant committed the offenses for which he is presently serving his sentence when he was on parole, following an eleven-year sentence for violating New York law by criminally possessing five or more firearms and committing assault in the second degree. (*Id.*) Based on Defendant's history of serious crime, and committing crimes while he was on parole, the Court found there was a "serious likelihood" that Defendant would "be a recidivist." (ECF No. 69 at 18.) With these same concerns in mind, the Court finds that Defendant would pose a danger to his community were he to be released.

Some of the factors under 18 U.S.C. § 3553 weigh in Defendant's favor. For instance, reducing Defendant's sentence might better "provide the defendant with needed . . . medical care" were he to contract COVID-19, and Defendant's "history and characteristics" include a difficult childhood in an impoverished, crime-ridden neighborhood. *See* 18 U.S.C. § 3553(a)(1), (2)(D). But § 3553 also requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(2)(B)–(D). Here, the factors that favor Defendant are outweighed by the seriousness of Defendant's conduct, as well as the high likelihood that Defendant would commit further offenses were he to be released early.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a reduction of his sentence under § 3582(c)(1)(A) is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Defendant.

SO ORDERED.

4

5

Dated: New York, New York
June 23, 2020                                  /s/ Kimba M. Wood
                                                            KIMBA M. WOOD
                                         United States District Judge