UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 17, 2020

-v.-

LAMAR MOORE,

                       Defendant.
-----------------------------------------------------------X

18-CR-167 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      On June 23, 2020, this Court denied Defendant Lamar Moore's *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582. (ECF No. 80.) In his motion, Defendant argued that, due to his medical conditions of asthma and hypertension, he faced a heightened risk of serious illness from infection with COVID-19 while incarcerated. The Court found that Defendant, whose offenses of conviction involved trafficking assault rifles, and who has a lengthy history of serious crimes, would pose a danger to his community, were he to be released.

      Defendant now submits an "Amendment to His Reply in Further Support of His Request for Compassionate Release." (ECF No. 82.) In this brief, Defendant states that the Bureau of Prisons ("BOP") has implemented a quarantine of FCI Hazelton, where Defendant is detained, due to a potential exposure to COVID-19. Defendant argues that he now faces a greater risk of contracting COVID-19 than he did at the time of his initial motion.

      Mindful of Defendant's *pro se* status, the Court interprets Defendant's brief as a renewed motion for compassionate release. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (quotation marks omitted)).

Defendant's instant motion is denied for substantially the same reasons set forth in the Court's Opinion denying Defendant's initial motion. At present, there are two confirmed cases of COVID-19 at FCI Hazelton.[1] The BOP's quarantine procedure may prevent the disease from spreading any further. Alternatively, the quarantine may not succeed, and COVID-19 may spread at FCI Hazelton, as it has spread through many other BOP facilities.[2] Thus, the Court assumes, as it did when deciding Defendant's initial motion, that the risk Defendant faces from infection with COVID-19 constitutes an "extraordinary and compelling reason[]" justifying his release. 18 U.S.C. § 3582(c)(1)(A)(i). Nonetheless, compassionate release may only be granted if the "defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); *see* 18 U.S.C. § 3582(c)(1)(A). The Court remains convinced that, if released, Defendant would pose a danger to the community, due to the seriousness of his offenses of conviction and his lengthy history of crimes involving firearms, narcotics, and violence.

Therefore, Defendant's renewed motion for compassionate release is DENIED.

Dated: New York, New York
July 17, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

---

[1] Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (Accessed July 17, 2020).

[2] For example, at present, there are over 1,000 confirmed cases of COVID-19 in the inmate population of the Federal Correctional Institution, Seagoville, in Seagoville, Texas. *See id.*