UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

LAMAR MOORE,

                Defendant.

--------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: __1/25/2021_____

18-CR-167 (KMW)

**AMENDED[1]  OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Lamar Moore, proceeding *pro se*, has moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).   (ECF No. 85.)   The Government opposes the motion. (ECF No. 87.)   For the reasons set forth below, the motion is DENIED.

## BACKGROUND

On October 2, 2018, Moore pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A); and trafficking in marijuana, in violation of 21 U.S.C. § 841 (b)(1)(D).   (Gov't Opp'n at 2; Judgment, ECF No. 64.)   On March 13, 2019, Moore was sentenced to 151 months' imprisonment.   (Gov't Opp'n at 2.)

On March 22, 2019, Moore filed a notice of appeal.   (ECF No. 66.)   The Court of Appeals for the Second Circuit affirmed Moore's conviction and sentence, holding in part that,

---

[1]  The Court initially issued its Opinion & Order on December 31, 2020.   (ECF No. 88.)   On January 20, 2021, Moore filed a reply brief.   (ECF No. 89.)   The Court issues this Amended Opinion & Order to reflect that the Court has taken into consideration the arguments made in Moore's reply and to confirm that, because Moore is proceeding *pro se*, the Court has construed Moore's motion and reply liberally.   *See United States v. Frias*, 2020 WL 6058067, at *3 (S.D.N.Y. Oct. 14, 2020) (Keenan, J.) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)) ("*Pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").   Nothing in the reply merits anything other than the denial of Moore's motion.

because Moore had agreed not to appeal or collaterally attack any sentence within the stipulated U.S. Sentencing Commission Guidelines ("Guidelines") range of 84 to 188 months' imprisonment, Moore could not challenge his sentence on appeal.   *United States v. Moore*, 811 F. App'x 692, 696 (2d Cir. 2020).

On May 18, 2020, Moore filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied.   (ECF Nos. 73, 80.)   On July 15, Moore filed a renewed motion for compassionate release, which the Court also denied.   (ECF Nos. 82, 83.) On August 7, Moore filed a timely notice of appeal.   (ECF No. 84.)   That appeal remains pending.   (Gov't Opp'n at 3.)

On November 20, 2020, Moore filed the instant motion (the "Motion").   On December 16, the Government filed its opposition.

## JURISDICTION

The Court lacks jurisdiction to grant the Motion.   A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."   *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Berman v. United States*, 302 U.S. 211, 214 (1937) (applying this rule to a criminal case).   Although district courts may correct "clerical errors," they may not make "substantive modifications of judgments" after a notice of appeal has been filed and while the appeal is pending.   *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) (quoting *United States v. Katsougrakis*, 715 F.2d 769, 776 n.7 (2d Cir. 1983)).

The Motion seeks to "reduce the term of imprisonment" that Moore is serving.   18 U.S.C. § 3582(c)(2).   Because Moore has appealed the Court's denial of his motion for compassionate release, however, the term of imprisonment is the very aspect of the case

currently pending before the Second Circuit.   Granting the Motion would thus result in an impermissible substantive modification to the judgment.   *See United States v. Martin*, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020) (Engelmayer, J.) (holding that the court had no authority to grant a motion for compassionate release in light of a pending appeal) (citing *Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002)).

Federal Rule of Criminal Procedure 37 explicitly addresses this jurisdictional issue. Rule 37 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."   Fed. R. Crim. P. 37(a); *Martin*, 2020 WL 1819961, at *2.   Accordingly, pursuant to Rule 37, district courts may deny—but not grant—motions over which they lack jurisdiction because of a pending appeal.   *Martin*, 2020 WL 1819961, at *2.

Because the Court would deny the Motion had the notice of appeal not been filed, the Court reaches the merits here and denies the Motion.

## DISCUSSION

The Motion is styled as pursuant to 18 U.S.C. § 3582(c)(2), but Moore does not argue for a sentence reduction "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).[2]   Rather, Moore argues that the Court imposed a sentence that was based on a Guidelines range "that was more than twice the correct range."   (Mot. at 13.)   Moore asserts that a prior state conviction

---

[2]  Moore makes no arguments that are premised on ineffective assistance of counsel.   Accordingly, the Court declines to construe the Motion as a petition pursuant to 28 U.S.C. § 2255.

for criminal possession of a firearm is not a "crime of violence" within the meaning of the Guidelines, and that the Court thus determined incorrectly that Moore was a "career offender." (*Id.* at 3, 6-7; U.S.S.G. § 4B1.2(a)(2); *see also* 26 U.S.C. § 5845(a).)

The Government argues that "the parties agreed through the plea agreement that neither party would challenge the Court's Guidelines calculation." (Gov't Opp'n at 5.) Moore thus knowingly and voluntarily waived his right to appeal any sentence within or below the stipulated Guidelines range of 84-188 months. (*Id.*)

The Court agrees with the Government that Moore has waived the right to challenge his sentence on the basis of the applicable Guidelines range.

It is well settled that "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). Courts in this district have "consistently confirmed" that specific waiver provisions, made knowingly and voluntarily, are valid. *Martinez-Castillo v. United States*, 2019 WL 3451129, at *2 (S.D.N.Y. July 30, 2019) (Román, J.) (quoting *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997)). And courts specifically have upheld such waivers when defendants have sought sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Marrero*, 2020 WL 7079483, at *2 (S.D.N.Y. Dec. 3, 2020) (Castel, J.).

In the plea agreement in this case, Moore agreed that he would not "appeal, collaterally attack, or otherwise challenge the Court's determination regarding the applicability of [the career offender guidelines set forth in] U.S.S.G. § 4B1.1." (Def.'s Let. at Ex. A (Plea Agreement), p. 2, ECF No. 58.) In addition, Moore agreed that he "will not file a direct appeal … nor seek a sentence modification pursuant to Title 28, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 84 to 188 months' imprisonment." *Id.* at

Ex. A, p. 6.   The Court explained the consequences of waiver during Moore's plea allocution, and Moore repeatedly affirmed his understanding.   (Tr. at 19-25, ECF No. 37.)   Moore thus knowingly and voluntarily waived the right to challenge his sentence of 151 months' imprisonment, which is within the stipulated Guidelines range.

In addition, the arguments that Moore advances with respect to the Guidelines range are substantially the same as those made to the Second Circuit when Moore appealed his sentence. *See* Def.'s Br. 22-32, Case No. 19-723 (2d Cir. Aug. 21, 2019).   The Second Circuit considered these arguments and made clear that Moore had waived the right to challenge a sentence within the stipulated Guidelines range.   *Moore*, 811 F. App'x at 696.

## CONCLUSION

Because Moore has waived the right to challenge a sentence within the stipulated Guidelines range, the Motion is DENIED.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 85 and to mail a copy of this Opinion to Moore.

SO ORDERED.

Dated:        New York, New York
              January 25, 2021                    _____/s/ Kimba M. Wood_____
                                                       KIMBA M. WOOD
                                                  United States District Judge

5