UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA,

      -against-

LAMAR MOORE,

      Defendant.

---------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __2/24/21_____ |

18-CR-167 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Lamar Moore, proceeding *pro se*, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).   (ECF No. 91.)   The Government opposes the motion.   (ECF No. 93.)   For the reasons set forth below, the motion is DENIED.

## BACKGROUND

      On October 2, 2018, Moore pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A); and trafficking in marijuana, in violation of 21 U.S.C. § 841 (b)(1)(D).   (Gov't Opp'n at 2; Judgment, ECF No. 64.)   On March 13, 2019, Moore was sentenced to 151 months' imprisonment.   (Gov't Opp'n at 2.)   The Court of Appeals for the Second Circuit affirmed Moore's conviction and sentence.   *United States v. Moore*, 811 F. App'x 692 (2d Cir. 2020).

      In the past nine months, Moore has made three attempts to reduce his sentence.   On May 18, 2020, Moore filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which the Court denied.   (ECF Nos. 73, 80.)   On July 15, Moore filed a renewed motion for compassionate release, which the Court also denied.   (ECF Nos. 82, 83.)   On August 7, Moore filed a timely notice of appeal.   (ECF No. 84.)   That appeal remains pending.

      On November 20, 2020, Moore filed a motion pursuant to 18 U.S.C. § 3582(c)(2),

arguing that the Court had imposed a sentence that was based on a U.S. Sentencing Commission Guidelines range "that was more than twice the correct range." (Nov. 20 Mot. at 13, ECF No. 85.) On January 25, 2021, the Court denied the motion because Moore, in his plea agreement, had waived the right to challenge a sentence within a stipulated Sentencing Guidelines range. (Jan. 25 Amended Op. at 4-5, ECF No. 90; *see also Moore*, 811 F. App'x at 696.)

Also on January 25, the Court received the instant motion for compassionate release.[1] On February 11, the Government filed its opposition.

## DISCUSSION

As with Moore's November 20 motion, and as explained in the Court's January 25 Opinion, the Court lacks jurisdiction to grant the instant motion because of Moore's pending appeal. (Jan. 25 Amended Op. at 2-3.) That analysis need not be repeated here. Pursuant to Federal Rule of Criminal Procedure 37, however, the Court may *deny* the motion. Fed. R. Crim. P. 37(a). Accordingly, because the Court would deny the motion had the notice of appeal not been filed, the Court reaches the merits and denies the motion.

Because Moore is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'"). Even by this standard, however, nothing in the instant motion affects the analysis that the Court undertook when denying Moore's first and second motions for compassionate release. (*See* June 23 Op., ECF No. 80; July 17 Op., ECF No. 83.)

On June 23, 2020, when deciding Moore's first motion, the Court assumed that Moore's

---

[1] The motion itself is dated December 18, 2020, when Moore's November 20 motion remained pending.

2

risk of infection with COVID-19 constituted an "extraordinary and compelling reason" in favor of release. (June 23 Op. at 3; *see* 18 U.S.C. § 3582(c)(1)(A)(i).) The Court held, however, that the Section 3553(a) sentencing factors weighed against release. (*Id.* at 4.) One month later, the Court's denial of Moore's renewed motion made the same assumption and conclusion, respectively. (July 17 Op. at 2.)

In the instant motion, Moore asserts that he has in fact contracted COVID-19. Moore also raises several concerns regarding his conditions of confinement and the risk of becoming seriously ill. (Mot. at 2-3.) In response, the Government confirms that Moore exhibited symptoms of COVID-19 on or about December 17, 2020, was tested on or around December 21, and received a positive result within two days. (Gov't Opp'n at 5, App. A ¶ 8.) Moore was monitored on a daily basis by health services staff at FCI Hazelton, where Moore is incarcerated. (Gov't Opp'n, App. A ¶ 9.) According to the BOP, Moore's symptoms were not severe, and he did not require any additional medical care. (*Id.*) On January 14, 2021, shortly before the Court received and docketed the instant motion, the BOP considered Moore's illness to be resolved. (Gov't Opp'n at 5, App. A ¶ 7.)

Even assuming that these circumstances constitute extraordinary and compelling reasons warranting release, the Court remains convinced—as it was in June and July—that Moore would pose a danger to the community if he were to be released, and that the other Section 3553(a) sentencing factors continue to weigh heavily against release. As explained in the Court's prior opinions and at sentencing, Moore committed "extraordinarily serious" offenses. He possessed and trafficked AR-15 semi-automatic rifles and silencers, in addition to selling marijuana and dangerous opioid-based painkillers. (June 23 Op. at 3-4; July 17 Op. at 2; Sent. Tr. at 17, ECF No. 69.). These offenses were committed while Moore was on parole, after serving an

3

eleven-year sentence for New York state convictions.  (June 23 Op. at 4.)  These convictions, too, involved violent and dangerous offenses: criminal possession of five or more firearms and assault in the second degree.  (*Id*.)  And, as the Government points out, Moore has been convicted on six other occasions of crimes including attempted robbery, possession of a controlled substance, and assault in the third degree.  (Gov't Opp'n at 2.)  Granting Moore's motion (even if the Court had jurisdiction to do so) would not reflect the "seriousness of the offense[s]," "afford adequate deterrence to criminal conduct," or "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(A)-(C).

## CONCLUSION

For the foregoing reasons, Moore's motion for compassionate release is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion to Moore and to terminate the motion at ECF No. 91.

SO ORDERED.

Dated:  New York, New York
February 24, 2021                       */s/ Kimba M. Wood*
                                         KIMBA M. WOOD
                                         United States District Judge