

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2022

**BY ECF**
Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    ***United States v. Lamar Moore*, 18 Cr. 167 (KMW)**

Dear Judge Wood:

   The Government respectfully submits this letter brief in opposition to defendant Lamar Moore's motion under 28 U.S.C. § 2255 (ECF No. 99, the "Motion").[1]  For the reasons explained below, the defendant's motion should be denied in its entirety.

**I.    Background**

**a.   Offense Conduct**

   Beginning in or around the summer of 2016 through approximately June 2017, Moore and others trafficked AR-15 assault rifles and silencers from Florida to New York. (PSR ¶ 11). In addition, during that same time period, Moore sold marijuana in and around the New York area. (*Id.*) Moore was indicted in February 2018 and charged with, among other crimes, possessing a firearm silencer in furtherance of a narcotics trafficking conspiracy, in violation of 18 U.S.C. 924(c)(1)(B)(ii), which carried a 30-year mandatory minimum sentence. The evidence against Moore consisted of, among other things cooperating witness testimony and a substantial number of text messages and pictures on Moore's cellphone pertaining to the trafficking of both firearms and narcotics. Rather than proceed to trial, Moore pled guilty to a Superseding Information, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1);

---

[1] The Government apologizes for the lateness in its opposition.  The undersigned misread the ECF email notification and calendared today, January 17, 2022, as the deadline to respond.  The Government sincerely apologizes for this oversight.  The Government will mail a copy of the filing to Mr. Moore and will consent to whatever additional time Mr. Moore needs to reply.

firearms trafficking, in violation of 18 U.S.C. § 922(a)(1)(A); and distribution of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D).

### b.  Guilty Plea

On October 2, 2018, Moore pled guilty to all three counts of the Superseding Information, pursuant to a Plea Agreement with an appeal waiver in which he agreed not to appeal any sentence of 188 months or less, regardless of the method used or grounds cited by which the district court in arriving at that sentence.  (Plea Agreement at 6.)  Relevant here, defense counsel specifically negotiated a carve out into the plea agreement which allowed the parties to argue whether the defendant was a Career Offender under the Sentencing Guidelines. Specifically, the parties agreed that neither side would "appeal, collaterally attack, or otherwise challenge the [District] Court's determination regarding whether" Moore's March 5, 2009 conviction for Assault in the 2nd Degree in Queens County Supreme Court constituted a crime of violence. (Plea Agreement at 2.)

During his guilty plea, Moore provided the following allocution with respect to Count One: "In March 2017 I possessed a firearm knowing that I was a previously convicted felon . . . . The conviction was in 2009 and it was for possession of a weapon." (Plea Transcript at 29.)

### c.  Sentencing

On March 13, 2019, the Court sentenced Moore to a term of imprisonment of 151 months.  (Sentencing Tr. at 19.)  With respect to the career offender analysis, the Court considered the legal arguments and concluded that the defendant was in fact a career offender, (Sentencing Tr. at 14–15), and defense counsel ultimately agreed, (Sentencing Tr. at 15–16).

### d.  Appeal

Moore appealed his conviction on the grounds that the Superseding Information failed to allege that Moore knew he was a felon; that the district court erred in finding Moore was a career offender; that Moore received ineffective assistance of counsel; and that the record failed to support two Sentencing Guidelines enhancements.

On May 5, 2020, the Court of Appeals for the Second Circuit affirmed the defendant's conviction, holding that (1) "where, as here, the indictment closely tracks the language of the relevant statute, there is 'little doubt that the indictment ... *alleges* the violation of a federal criminal offense,' even without specifically outlining the 'knowingly' standard clarified in *Rehaif*; (2) the ineffective assistance claim was dismissed; and (3) "where, as here, a defendant knowingly and voluntarily waives his right to appeal any sentence within a stipulated Guidelines range, he may not then appeal the sentence." *United States v. Calhoun*, 811 F. App'x 692, 694–96 (2d Cir. 2020) (internal citations omitted).

### e.  Section 2255 Motion

On September 7, 2021, the Motion was docketed.  Moore claims that his counsel's inadequate performance rendered the sentencing proceedings constitutionally inadequate.  (ECF

No. 99 at 21.)  Moore further contends that defense counsel was ineffective because counsel failed to object to a four-level Guideline enhancement under U.S.S.G. § 2K2.1(b)(5).  (ECF No. 99 at 22.)

## II.  Applicable Law

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence because "the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (citation omitted).

A claim of ineffective assistance of counsel, however, is a permissible basis for bringing a § 2255 petition. The Sixth Amendment affords a defendant in criminal proceedings the right "to effective assistance from his attorney at all critical stages in the proceedings." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013). A defendant claiming ineffective assistance must establish that (1) his "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As for *Strickland*'s first prong, a court "must judge [counsel's] conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). A court is to start from the "strong presumption" that counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. That is because there are many different ways to provide effective assistance, and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689–90; *see id.* at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."); *Rivas v. Fischer*, 780 F.3d 529, 547 (2d Cir. 2015).

With respect to *Strickland*'s second prong, a petitioner who has pled guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In addition, a petitioner may show prejudice by showing that he would have received and accepted a guilty plea with a lower sentence but for counsel's errors. *See Missouri v. Frye*, 566 U.S. 134, 147–48 (2012); *Lafler v. Cooper*, 566 U.S. 156, 174 (2012) (finding prejudice where defendant showed that, but for counsel's deficient performance, there was a reasonable probability that defendant and the court would have accepted a guilty plea with a sentence less than a third of the length of the sentence he received after trial). In the plea-bargaining context, a defendant must

show that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

"In ruling on a motion under § 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Gonzalez*, 722 F.3d at 130 (quoting 28 U.S.C. § 2255). Thus, for a petitioner filing a motion under § 2255 to obtain a hearing, "the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Id.* at 131 (citing *Machibroda v. United States*, 368 U.S. 487, 494 (1962)).

## III. Discussion

### a. The Court Should Deny the Motion Without a Hearing

The Motion should be denied without a hearing because Moore received effective assistance of counsel; Moore is a career offender; and, because Moore is a career offender, any complaint about counsel's failure to challenge a four-level Sentencing Guidelines enhancement is moot.

The original indictment charged Moore with, among other things, possessing a firearm with a silence in furtherance of a drug trafficking crime, which carries a 30-year mandatory minimum sentence. (ECF No. 1 at 4–5); 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(B)(ii). Moore's counsel negotiated a plea agreement, in which Moore pled guilty to crimes that did not carry *any* mandatory minimum, and counsel negotiated a carve out in which Moore was free to argue to the Court that he was not a career offender. Indeed, Moore's counsel argued in Moore's sentencing submission that Moore was not a career offender because his prior convictions for weapons possession and second degree assault were counted as a single sentence, so the assault conviction would not count as a qualifying predicate offense. (ECF No. 58 at 7.) Thus, Moore's counsel brought the very challenges that Moore now claims he was ineffective in not making. Regardless, because Moore is a career offender – as a matter of law – the Motion must fail.

New York Assault in the Second Degree is a "crime of violence" under U.S.S.G. § 4B1.1. Moore's PSR explained that on May 6, 2009, he was convicted of "Assault 2nd Degree: Intent to Cause Physical Injury with Weapon/Instrument" and provided the statutory elements for that conviction. (PSR ¶ 46). Moore did not dispute the information contained in the PSR.

Moore was convicted under Section 120.05(2) (PSR ¶ 46), which provides that "[a] person is guilty of assault in the second degree when ... [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law § 120.05(2). It is well settled in this Circuit that the offense described in Section 120.05(2) constitutes a "crime of violence" under the "elements clause" of Section 4B1.2(a)(1). The Court of Appeals first analyzed Section 120.05(2) in *United States v. Walker* and held that the offense described in Section 120.05(2) constitutes a "violent felony" under the analogous clause of the ACCA. *See* 442 F.3d 787, 788-89 (2d Cir. 2006) (per curiam). As this Court explained, "[t]o ... cause physical injury by means of a deadly

weapon or dangerous instrument is necessarily to ... use 'physical force,' on any reasonable interpretation of that term...." *Id.* at 788.

More recently, this Court of Appeals reaffirmed *Walker* in the Guidelines context, holding that "*Walker* remains controlling law and dictates that a conviction under N.Y. Penal Law § 120.05(2) constitutes a 'crime of violence'" under the Guidelines. *United States v. Rios*, 717 F. App'x 18, 20 (2d Cir. 2017). *Rios* is consistent not only with the Second Circuit's precedent, but with the unanimous view of its sister courts that a conviction under Section 120.05(2) is a crime of violence. *See United States v. Perez-Astudillo*, 640 F. App'x 856, 859 (11th Cir. 2016) (holding § 120.05(2) is "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)); *United States v. Ortega-Cazarez*, 609 F. App'x 518, 519–20 (9th Cir. 2015) (same); *United States v. Williams*, 526 F. App'x 29, 37 (2d Cir. 2013) (holding § 120.05(2) is "violent felony" for purposes of the ACCA); *United States v. Bogle*, 522 F. App'x 15, 19–20 (2d Cir. 2013) (same); *United States v. Mariano*, 636 F. App'x 532, 542 (11th Cir. 2016) (holding § 120.05(2) is "crime of violence" for purposes of U.S.S.G. § 4B1.2(a)); *United States v. Velasquez-Contreras*, 582 F. App'x 290 (5th Cir. 2014) (same as *Perez-Astudillo*); *United States v. Neri-Hernandes*, 504 F.3d 587, 591–92 (5th Cir. 2007) (same).

Moore additionally argues that his assault conviction should not have been counted as a prior "crime of violence" because of the "single sentence rule." (Mot. at 5). But even though he received a single sentence on two convictions, the Guidelines specifically anticipate this scenario and make clear that, if either conviction would have received criminal history points, either one can qualify as a "crime of violence."

On May 6, 2009, Moore was convicted in Queens County Supreme Court of Criminal Possession of a Weapon in the Second Degree: Possession of Five or More Firearms and Assault in the Second Degree: Intent to Cause Physical Injury with a Weapon or Instrument. Moore received a sentence of 11 years' imprisonment on the weapons possession count and six years' imprisonment on the second degree assault count, to run concurrently. The United States Sentencing Guidelines explicitly contemplates the sentencing scenario at issue here and provides guidance on how to determine whether either conviction should be counted in the career offender analysis.

Application Note 3 to U.S.S.G. § 4A1.2(a)(2) provides in relevant part:

> Predicate Offenses.—In some cases, multiple prior sentences are treated as a single sentence for purposes of calculating the criminal history score under §4A1.1(a), (b), and (c). However, for purposes of determining predicate offenses, a prior sentence included in the single sentence should be treated as if it received criminal history points, if it independently would have received criminal history points. Therefore, an individual prior sentence may serve as a predicate under the career offender guideline (see §4B1.2(c)) or other guidelines with predicate offenses, if it independently would have received criminal history points. However, because predicate offenses may be used only if they are counted "separately" from

> each other (see §4B1.2(c)), no more than one prior sentence in a
> given single sentence may be used as a predicate offense.
>
> For example, a defendant's criminal history includes one robbery
> conviction and one theft conviction. The sentences for these
> offenses were imposed on the same day, eight years ago, and are
> treated as a single sentence under §4A1.2(a)(2). If the defendant
> received a one-year sentence of imprisonment for the robbery and
> a two-year sentence of imprisonment for the theft, to be served
> concurrently, a total of 3 points is added under §4A1.1(a). Because
> this particular robbery met the definition of a felony crime of
> violence and independently would have received 2 criminal history
> points under §4A1.1(b), it may serve as a predicate under the
> career offender guideline.

U.S.S.G. § 4A1.2, App. Note 3. Here, Moore's 2009 second degree assault conviction
"independently would have received criminal history points" because it was imposed within 15
years of the instant offense and was more than one year and one month. *Id.*; U.S.S.G. § 4A1.1(a),
App. Note 1. Thus, as a matter of law the defendant is a career offender, and his counsel's
unsuccessful arguments to the contrary are not constitutionally ineffective.

Finally, because Moore is a career offender, his second ground for relief – that defense
counsel did not object to a four-point enhancement – is rendered moot.  That is because, under
U.S.S.G. § 4B1.1, Moore's offense level is the greater of the one set forth in U.S.S.G. § 4B1.1(b)
or the offense level otherwise applicable.  Under U.S.S.G. § 4B1.1, Moore's offense level is 32
because the statutory maximum term of imprisonment for the qualifying controlled substance is
20 years.  (PSR ¶ 35.)  Thus, even assuming the four-level enhancement for gun trafficking did
not apply, the defendant's offense level (prior to the 3-point reduction for acceptance of
responsibility) would still be 32, pursuant to U.S.S.G. § 4B1.1.

Accordingly, because the defendant is a career offender, he cannot show either that his counsel's performance was deficient, or that the deficiency prejudiced him, *see Strickland*, 466 U.S. at 687, and his Motion should be denied

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

by:  /s Michael D. Longyear
     Michael D. Longyear
     Assistant United States Attorney
     (212) 637-2223

cc:    Lamar Moore (By U.S. Mail)
       Register Number 79628-053
       USP Atlanta
       U.S. Penitentiary
       P.O. Box 150160
       Atlanta, GA 30315