USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

LAMAR MOORE,

               Defendant.
-------------------------------------------------------X

21-CV-7499 (KMW)
18-CR-167 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Lamar Moore, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Moore argues that (1) the Court should not have applied the career offender enhancement used to calculate his total offense level, and (2) he received ineffective assistance of counsel. Moore also moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes both motions. For the reasons below, Moore's motions are DENIED.

## BACKGROUND

Moore was sentenced for firearms trafficking, distribution of marijuana, and possession of a firearm as a felon, in violation of 18 U.S.C. § 992(a)(1)(A), 21 U.S.C. § 841(b)(1)(D), and 18 U.S.C. § 992(g)(1), respectively. (ECF No. 64.) From the summer of 2016 to approximately June 2017, Moore and others trafficked AR-15 rifles and silencers from Florida to New York. (Presentence Investigation Rep. ¶ 11, ECF No. 44.) During that time, Moore also sold marijuana in and around the New York area. (*Id.*) On October 2, 2018, Moore pleaded guilty to these violations. (Plea Tr. 10:8–12:19, ECF No. 37.)

Moore's plea agreement states that Moore will not appeal or collaterally attack a sentence

within or below the Stipulated Guidelines range of 84 to 188 months' imprisonment.  (Plea Agreement at 6.)  The agreement contains no stipulation as to the application of the career offender guideline pursuant to § 4B1.1 of the Sentencing Guidelines.  (*Id.* at 2.)  But the plea agreement bars Moore from "appeal[ing], collaterally attack[ing], or otherwise challeng[ing] the Court's determination regarding the applicability of [the career offender enhancement]."  (*Id.* at 2, 3.)

Moore was sentenced on March 13, 2019 to a total of 151 months' imprisonment.  (ECF No. 64.)  In Moore's sentencing memorandum, defense counsel had argued that Moore did not qualify as a career offender because two of Moore's prior convictions should not have been counted separately.  (Sent'g Mem. for Def. at 6–7, ECF No. 58.)  Notably, however, during Moore's sentencing proceeding, he withdrew that argument.  (Sent'g Tr. 6:9–14, 15:10–17:5, ECF No. 69.)  Defense counsel even confirmed that "defendant does not dispute that he is a career offender[.]"  (*Id.* 15:25–16:5.)  Moore appealed his sentence, which the Second Circuit affirmed on May 5, 2020.[1]  (ECF Nos. 66, 81.)  The Supreme Court denied Moore's petition for a writ for certiorari on October 5, 2020.[2]

On September 1, 2021, Moore moved to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that (1) the Court should not have applied the career offender enhancement used to calculate his total offense level, and (2) he received ineffective assistance of counsel when defense counsel failed to object to the use of the career offender enhancement.  (*See* Def.'s Mot., ECF No. 99.)  The Government filed its opposition to Moore's motion on January 17, 2022.  (ECF No. 102.)

---

[1]     *See United States v. Calhoun*, 811 Fed. App'x 692 (2d Cir. 2020).

[2]     *See Moore v. United States*, 141 S. Ct. 412 (2020) (mem.).

On June 5, 2022, Moore moved for early release, his fifth such motion, pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 103.) He argued that he has "extraordinary and compelling reasons" for early release because he suffers from long COVID. (*Id.* at 2.) The Government filed its opposition to Moore's motion on August 19, 2022, to which Moore replied on August 29, 2022. (ECF Nos. 106, 107.)

## LEGAL STANDARD

### I.     Motion to Vacate Pursuant to 28 U.S.C. § 2255

A federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence on the ground that such sentence was illegally imposed. *See* 28 U.S.C. § 2255(a). Ineffective assistance of counsel claims may properly be raised in a motion pursuant to Section 2255. *See Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. DeLaura*, 858 F.3d 738, 743–44 (2d Cir. 2017). Such a motion requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"To warrant a hearing on an ineffective assistance of counsel claim, the [movant] need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)). If, however, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," a court "must dismiss the motion." *See* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 4(b), 28 U.S.C. foll. § 2255. No hearing is required where the movant's allegations are "vague, conclusory, or palpably incredible." *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy two requirements. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009). First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687. In assessing this first prong, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Moreover, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Second, the defendant must show that the deficient performance prejudiced the defendant—that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." *Id.* at 695.

## II. Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court grants such relief. First, a petitioner must "fully exhaust[] all administrative" remedies in requesting relief from the Bureau of Prisons. *Id.* Second, a petitioner must show that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), "and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Third, a court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense and the history and characteristic of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

## DISCUSSION

Moore moves to vacate his sentence on the ground that he received constitutionally defective assistance. He moves separately for compassionate release on account of suffering from long COVID. The Court considers each of his motions in turn.

**I.   Moore's Motion to Vacate His Sentence Pursuant to 28 U.S.C. § 2255**

Moore's claim is based on two alleged failings regarding his sentencing. First, Moore argues that the Court should not have applied the career offender enhancement. Second, he argues that defense counsel rendered constitutionally inadequate representation because counsel failed to object to that enhancement.

### A. Moore Has Waived His Right to Challenge the Career Offender Sentence that Was Imposed

The Court previously found that Moore had waived his right to challenge his sentence, which was within the stipulated Guidelines range. (*See* Op. and Order at 3–4, ECF No. 88.) Because Moore has provided no new evidence relevant to that finding, and because he has not claimed that his sentence was imposed on the basis of a constitutionally impermissible ground, *see United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000), or another fatal flaw, the Court maintains its determination that Moore's waiver of his right to challenge his sentence was valid and enforceable.

### B. Notwithstanding Waiver, Moore's Claims Regarding the Career Offender Enhancement Fail on the Merits

Even if Moore had not waived his right to challenge his sentence, his argument that the Court should not have applied the career offender enhancement is unpersuasive. His claim regarding defense counsel's conduct is also meritless because the record does not support his contention that defense counsel rendered constitutionally deficient representation. Before turning to the bases for Moore's § 2255 motion, however, the Court first considers whether a

hearing is required.

### 1. No Hearing Is Required to Rule on Moore's Motion to Vacate

Section 2255 requires a court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In assessing whether a hearing is warranted, "the court looks primarily to the affidavit or other evidence proffered in support of the application in order to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief." *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974). Based on parties' submissions regarding Moore's § 2255 motion, the Court finds that no hearing is required.

A hearing would not aid the Court's analysis of either of the bases on which Moore moves to vacate. First, as for whether Moore's prior convictions constitute crimes of violence, the record is sufficient to make this determination. The Presentence Investigation Report, as well as the parties' submissions, identify the relevant criminal violations. No testimony is required to determine whether these violations are crimes of violence. Second, as for defense counsel's alleged failure to object to the career offender enhancement, defense counsel's sentencing memorandum includes a lengthy discussion of Moore's prior convictions and why the career offender enhancement should not apply. (*See* Sent'g Mem. for Def. at 6–9.) Defense counsel withdrew this objection only at sentencing, and only with Moore's acquiescence.

Therefore, the Court concludes that the written submissions are sufficient to decide Moore's § 2255 petition, and no hearing is required. Doing so "avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing." *Chang*, 250 F.3d at 86.

## 2. Application of the Career Offender Enhancement at Sentencing

Moore contests his sentence on the grounds that (1) one of the state criminal convictions listed in his criminal history was not a crime of violence, and (2) pursuant to the "single sentence" rule, his 2009 convictions should not be counted separately, and thus the career offender enhancement should not have applied.

The Sentencing Guidelines provide modified offense levels to be used where a defendant is a "career offender." A defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2016).[3]

If the offense level for a career offender as provided in § 4B1.1(a) is greater than the offense level otherwise applicable, the § 4B1.1(a) offense level applies. U.S.S.G. § 4B1.1(b). Moore does not contest that he meets requirements (1) and (2) above, and thus the only question is whether his prior felony convictions are crimes of violence. (*See* Def's Mem. Supp. at 2, ECF No. 99.)

### a. Crimes of Violence Pursuant to U.S.S.G. § 4B1.2

The 2016 Sentencing Guidelines set out two circumstances in which a conviction constitutes a "crime of violence." These circumstances are detailed in the "force clause" (also known as the "elements clause") and the "enumerated clause" of Sentencing Guidelines § 4B1.2(a). A "crime of violence" is any federal or state felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the

---

[3] Pursuant to the plea agreement, the applicable Sentencing Commission Guidelines Manual is the November 1, 2016 Guidelines Manual. (*See* Plea Agreement at 2.)

force clause], or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material [the enumerated clause]."[4]  U.S.S.G. § 4B1.2(a).

Whether an offense is a crime of violence pursuant to the Sentencing Guidelines is a question of law.  *See United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021).  Where the Sentencing Guidelines enumerate a specific offense, a court must undertake the "categorical approach."  *United States v. Pereira-Gomez*, 903 F.3d 155, 161 (2d Cir. 2018).  Specifically, a court must

> look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions. [The court] then compare[s] the elements of the statutory offense to the generic, contemporary definition of the offense.  A prior conviction will constitute a "crime of violence" for a sentencing enhancement only if the statute's elements are the same as, or narrower than, those of the generic offense.

*Id.* (quotations and citations omitted).

An offense not specifically enumerated in the Sentencing Guidelines may qualify as a crime of violence if it satisfies the force clause.  To make this determination, a court applies essentially the same categorical approach described above.  *Id.* at 164.  Importantly, however, "[i]nstead of asking whether the statutory elements of the predicate offense 'are the same as, or narrower than, those of the generic offense,' [the court] consider[s] whether the predicate offense 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"  *Id.*  (citations omitted).  The focus of the force clause inquiry is on "the minimum criminal conduct necessary for conviction under a particular statute."  *Id.*  (quotations and

---

[4]  A "crime of violence" also includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.  U.S.S.G. § 4B1.2(a) cmt. n.1 (2016).

8

citations omitted).

### b. Moore's Prior Convictions Pursuant to New York Law

Moore's criminal history includes two crimes at issue. First, in 2004, Moore was convicted of second degree attempted robbery, in violation of New York Penal Law § 160.10, as well as third degree criminal possession of a firearm, in violation of New York Penal Law § 265.02. (Plea Agreement ¶ B2.) Second, in 2009, Moore was convicted of second degree assault, in violation of New York Penal Law § 120.05, as well as second degree criminal possession of a firearm, in violation of New York Penal Law § 265.03. (*Id.* ¶ B1.)

In Moore's sentencing memorandum, defense counsel argued that Moore "does not qualify as a career offender because he does not have two prior convictions for . . . a crime of violence . . . under the single sentence rule of the Sentencing Guidelines." (Sent'g Mem. for Def. at 6.) That is, because Moore's sentences in 2009 for criminal possession of a weapon and second-degree assault were imposed on the same day, they should be treated as a single sentence pursuant to § 4A1.2(a)(2) of the Sentencing Guidelines. (*Id.*) Moore renews this argument in his § 2255 motion, concluding that the Court had no basis to invoke the career offender enhancement. (*See* Def.'s Mem. Supp. at 5–6.)

However, even if the 2009 convictions are treated as one, Moore's criminal history still contains two predicate felony convictions that qualify him for career offender status. Moore's 2004 convictions include a conviction for second degree robbery.[5] A conviction for second degree robbery qualifies as a crime of violence pursuant to the force clause of the Sentencing Guidelines. *See Pereira-Gomez*, 903 F.3d at 164–66 ("[W]e hold that robbery [or attempted

---

[5] Moore does not refer to this conviction in his February 2019 sentencing memorandum or his September 2021 motion pursuant to § 2255. This conviction is, however, stated in both the Presentence Investigation Report and the Government's sentencing memorandum. (*See* ECF Nos. 44, 59.)

9

robbery] in any degree is a crime of violence under the 'force clause.'"). Moore's 2009 convictions include a conviction for second degree assault in violation of New York Penal Law § 120.05, which "is categorically a crime of violence under U.S.S.G. § 4B1.2." *United States v. Tabb*, 949 F.3d 81, 85 (2d Cir. 2020). Accordingly, Moore's criminal history includes two prior felony convictions that are crimes of violence, regardless of whether the 2009 convictions are combined pursuant to the single sentence rule.

### 3. Defense Counsel's Alleged Failure to Object to the Career Offender Enhancement

Moore's plea agreement "expressly . . . reserves" his right to assert claims of ineffective assistance of counsel. (Plea Agreement at 6.) To that end, Moore alleges that defense counsel rendered constitutionally inadequate representation because counsel did not challenge the application of the career offender enhancement. (*See* Def.'s Mem. Supp. at 2, 7–11.) This allegation is unsupported by the record.

Defense counsel's sentencing memorandum explicitly challenged the application of the career offender enhancement. That memorandum devotes nearly four full pages to arguing that Moore's criminal history lacks the prerequisite "two prior felony convictions of either a crime of violence or a controlled substance offense" that would make Moore a "career offender." *Id.*; *see also* U.S.S.G. § 4B1.

Although defense counsel withdrew Moore's challenge to the career offender designation during sentencing, he did so only after consulting with Moore, and gaining Moore's acquiescence. When, at sentencing, defense counsel withdrew Moore's challenge to the career offender designation, the Court directed defense counsel to "talk with [Moore] . . . and then ask him to tell me whether he understands that your view is that the law treats him as a career offender . . ." (Sent'g Tr. 16:6–9.) Moore then confirmed that he understood as much. (*Id.*

10

16:16–20.) In view of these facts, the Court found that Moore "ha[d] . . . withdrawn [his] argument and . . . agreed to be in criminal history category six which ma[de] him a career offender." (*Id.* 17:1–4.) Thus, Moore's assertion that defense counsel "made absolutely no attempt to challenge the court's designation of Mr. Moore as a Career Offender" is not supported by the record. (*See* Def's Mem. Supp. at 7.)

Moore provides no evidence that defense counsel ignored a specific instruction to challenge the career offender enhancement. Moore had an opportunity to consult with defense counsel on this issue during sentencing. (*See* Sent'g Tr. 16:6–20.) If defense counsel were ignoring Moore's instruction to challenge the career offender enhancement, Moore had the opportunity at sentencing to reiterate that instruction. But there is no record of Moore's objection to defense counsel's view that Moore was a career offender. Yet Moore seeks here to assert, for the first time, that defense counsel ignored a "promise" made to Moore to challenge the career offender enhancement. (*See* Def's Mem. Supp. at 7.)

On this record, the Court finds that defense counsel objected to the use of the career offender enhancement in his sentencing memorandum. Thereafter, at sentencing, and only after consultation with Moore, defense counsel withdrew that objection. Furthermore, Moore then stated he understood that the law treated him as a career offender. Accordingly, counsel's performance was not constitutionally ineffective for failing to object as Moore has alleged.

Moore's motion pursuant to 28 U.S.C. 2255 is DENIED because Moore has waived his right to challenge the career offender sentence that was imposed. Even had he not waived this right, Moore's claim fails because the career offender enhancement was properly applied.[6]

---

[6] On April 1, 2022, Moore filed a motion, styled as a "Supplement Pursuant to Rule 15," arguing that the Court should vacate his sentence in light of the United States Supreme Court's ruling in *Wooden v. United States*, 142 S. Ct. 1063 (2022) (holding that a defendant's prior convictions for burglary were not offenses on "different occasions" within the meaning of the Armed Career Criminal Act, and thus they counted as only one prior

11

**II.     Moore's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)**

Moore moves for compassionate release because he claims that he suffers from long COVID.  He also makes several arguments regarding the § 3553(a) factors that the Court must consider in determining whether a reduction pursuant to § 3582(c)(1)(A) is warranted.

**A. Moore Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release**

Moore states that, after contracting COVID-19, he has continued to experience lingering effects of the disease—that is, "long COVID."  (Mot. at 2, ECF No. 103.)  Moore complains of various breathing and cardiovascular-related difficulties.  (*Id.*)  He also describes preexisting health issues that exacerbate his condition.  (*Id.*)

The Court addressed Moore's underlying health conditions in its prior ruling on his last motion for compassionate release and determined that they did not provide a basis for immediate release.  (*See* ECF No. 97.)  Since his COVID diagnosis, Moore has been fully vaccinated against COVID-19.  (*See* Gov't Opp'n, Ex. A at 97.)  Therefore, although he may still be experiencing lingering effects of his coronavirus infection, "any risk that [he] may become severely ill from COVID-19 has been significantly reduced."  *United States v. Delgado*, 582 F. Supp. 3d 136, 140 (S.D.N.Y. 2022) (Wood, J.).  Moreover, Moore's medical records reflect that he has been receiving consistent care for a variety of issues.  (*See* Gov't Opp'n, Ex. A at 87–92.)  Accordingly, Moore has not shown "a specific life-ending or debilitating illness with a predictable, dire short-term prognosis" that would warrant immediate release.  *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.).

---

conviction).  (*See* ECF No. 7, Case No. 21-CV-7499.)  *Wooden*, however, does not rescue Moore's argument regarding the career offender enhancement from its deficiencies, as described in Section I.B.2 *supra*.

### B. Section 3553(a) Factors

The Section 3553(a) sentencing factors continue to weigh against release. As explained in the Court's prior opinions regarding Moore's earlier motions for compassionate release, Moore committed "extraordinarily serious" offenses—namely trafficking semi-automatic weapons and silencers and selling marijuana and opioid-based painkillers. (*See* ECF Nos. 80, 83, 97.) In light of these offenses and Moore's criminal history, the Court finds that reducing Moore's sentence would not reflect "the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." 18 U.S.C. § 3553(a).

Moore also argues that the 151-month sentence imposed on him creates a disparity with the sentence of his co-defendant that is not justifiable. *See* 18 U.S.C. § 3553(a)(6) ("[t]he court . . . shall consider . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). First, Moore and his co-defendant were not found guilty of similar conduct. Moore was found guilty of trafficking firearms, distributing marijuana, and possessing a firearm as a felon. (ECF No. 64.) By contrast, his co-defendant was found guilty of conspiracy to commit firearms trafficking (ECF No. 67), and was, according to the Government, the "least culpable of anyone involved." (Sent'g Tr. 5:11–12, ECF No. 71.) Second, Moore's co-defendant cooperated with the Government "from the start." (*Id.* 5:11–12.) At co-defendant's sentencing, the Government moved for a downward departure from the Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1. (*Id.* 6:11–14.) Accordingly, and because of a "lack of need for individual deterrence, just punishment and general deterrence," the Court found that co-defendant's "sentence of time-served [was] warranted." (*Id.* 7:4–6.) On this record, the Court finds the disparity between Moore's and his co-defendant's sentences to be justifiable.

Because Moore has not established a "extraordinary and compelling" reason, and because

13

the § 3553 factors continue to weigh against release, Moore's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

## CONCLUSION

For the reasons stated above, Moore's motion pursuant to 28 U.S.C. § 2255 is DENIED. Because Moore has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Moore may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. U.S.*, 369 U.S. 438, 444–45 (1962).

Moore's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is also DENIED.

The Clerk is respectfully directed to close the motions at ECF Nos. 99 and 103 in case number 18-CR-167 and at ECF Nos. 1 and 7 in case number 21-CV-7499.

SO ORDERED.

Dated: New York, New York
October 4, 2022

                                             */s/ Kimba M. Wood*
                                             KIMBA M. WOOD
                                         United States District Judge